**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| IN RE RCN LITIGATION | : | Master File No. 04-5068 |

RECEIVED
DEC 12 2006
AT 8:30____M
WILLIAM T. WALSH
CLERK

**AGREED PROTECTIVE ORDER**

This matter comes before the Court on a Joint Motion showing that confidential documents and information may be disclosed or revealed in the course of this litigation; and that the parties agree that a procedure should be adopted to protect a party's legitimate interests in protecting confidential documents and information, and that the parties request that the Court enter this order,

**THEREFORE, IT IS ORDERED THAT:**

1. Any party may designate documents or information as "Confidential" under the terms of this Order. A party shall designate a document or information, or a portion of a document or information, as "Confidential" only if it has a good faith basis for asserting that the designated portion of the document or information is private personal information, trade secrets, or constitutes non-public commercial, financial, research, development, technology, business planning, or other proprietary information and if it has a good faith basis for asserting that disclosure of the Confidential Information, even subject to the restrictions of this Order, could reasonably threaten significant harm to the party's business or economic interests. If a document is designated Confidential each page of the document containing Confidential information shall be clearly marked "Confidential" at the time the document is produced or disclosed, or if

produced or disclosed prior to the entry of this Order, within 30 days after the entry of this Order. Portions of testimony may be designated "Confidential" by noting it on the record, or by designating portions of the transcript within 30 days after the transcript is made available for review and correction. The terms of this Order apply to any confidential documents and information produced before or after it is entered.

2. Confidential documents and information shall only be used for purposes of this litigation and for no other purpose. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of Confidential documents and information. Unless otherwise ordered by the Court, Confidential documents and information may be disclosed only to a party (including employees), counsel of record (including support personnel) in this action, independent experts and consultants (including support personnel) who are providing advice in connection with trial preparation or trial of this action, witnesses in depositions and at trial, the Court and court reporters pursuant to this Order; and any other person to whom the producing party agrees in writing the information may be disclosed. No Confidential documents or information shall be given to any independent expert or consultant, plaintiff or to any witness, unless the individual is first given a copy of this Order and agrees in writing to be bound by this Order. Nothing in this Order shall preclude any party from using its own Confidential documents and information in any manner it chooses.

3. If Confidential documents or information are submitted to the Court in connection with a motion, trial or other proceeding, the documents and information designated Confidential shall be served on all parties and A MOTION PURSUANT TO LOC. C.R. 5.3(c) to file~~d~~ under seal ~~unless otherwise ordered by the Court~~. SHALL BE MADE BY THE PARTY SEEKING TO RELY UPON CONFIDENTIAL INFORMATION.

4. This Order is without prejudice to and does not impair the right or ability of any party to assert that any document or information designated "Confidential" should not be treated

as confidential under this Order. At any time, a party may challenge in writing another party's designation of a document, information, or any portion thereof, as "Confidential." If the originally-designating party does nothing or retracts the "Confidential" designation within thirty (30) days of such written challenge, the document or information shall no longer be treated as Confidential under the terms of this Order. If the originally-designating party wishes to defend its designation of the document or information as "Confidential," it shall within thirty (30) days of such written challenge file a motion for protective order concerning the document or information at issue, with the burden of production and risk of non-persuasion resting on the party or person who asserts or maintains that confidential status is warranted.

5. If any party receives a court order, subpoena, or other written request seeking disclosure of a producing party's Confidential Information, the receiving party shall immediately notify counsel for any producing party and provide a copy of the order, subpoena, or written request.

6. No later than 60 days following the conclusion of this proceeding, all Confidential Information received by a party, regardless of the form in which the information has been stored, recorded, or preserved, shall, upon written request by the producing party, be either returned to the producing party or destroyed under the supervision of counsel of record for the recipient, with a certificate of destruction furnished to counsel for the producing party, *provided* that counsel of record may retain for its files, subject to the continuing strictures of this Protective Order, one set of copies of pleadings, affidavits, briefs, and memoranda filed in this proceeding, one set of transcripts of all depositions (with exhibits) taken, and all of its own work product generated in connection with this action.

7. Inadvertent disclosure of any documents covered by the attorney client or work product privilege shall not constitute a waiver of a valid claim of privilege or work product doctrine as to the inadvertently disclosed document or documents, nor shall inadvertent disclosure constitute subject matter waiver of a valid claim of privilege or work product doctrine as to any other document in the possession of the producing party. In the event the producing party asserts a claim of attorney client privilege or work product doctrine as to a previously produced document, the document and any copies thereof shall, upon the request of the producing party, be immediately returned to the Producing Party. Moreover, the document and testimony related thereto shall be inadmissible in this action unless and until the non-producing party obtains a ruling from the Court that the document was not inadvertently produced and is not protected pursuant to the attorney client privilege or the work product doctrine. Moreover, if the non-producing party objects to the producing party's claim of privilege or work product, then it shall seek a ruling with respect to the document in question as soon as practicable, but in no event later than the date of the pretrial conference.

8. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties and persons subject to this Order for the purpose of enforcing the provisions of this Order and to enter such orders as may be necessary to compel compliance and impose sanctions for any violation. This Order is without prejudice to and does not impair the ability or rights of any party to move for the lifting or modification of this Order.

**IT IS SO ORDERED.**

Dated this 11th day of December, 2006, at Trenton, New Jersey.

Honorable Tonianne J. Bongiovanni
United States Magistrate Court Judge

**EXHIBIT A**

Gerald D. Wells for Plaintiffs — 8-31-06 DATE

Howard Shapiro for RCN Defendants — 9/7/06 DATE

NAME — DATE

NAME — DATE

NAME — DATE

NAME — DATE

NAME — DATE

NAME — DATE