IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IN RE RCN CORPORATION
ERISA LITIGATION

MASTER FILE NO.: 04-CV-5068

THIS DOCUMENT RELATES TO:
ALL ACTIONS

RECEIVED
DEC 20 2007
AT 8:30
WILLIAM T. WALSH
CLERK

## ORDER AND FINAL JUDGMENT

On the 19th day of December, 2007, this matter came before the Court for hearing on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated as of August 13, 2007 (the "Stipulation"). The Court has considered all matters submitted to it at the hearing and otherwise.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Terms defined in the Stipulation have the same meanings when used herein.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the litigation, including all members of the Class.

3. The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of the Action, orders that the Stipulation shall be herewith effective, binding, and enforced according to its

terms and conditions, and directs payment of the Settlement Fund pursuant to the Stipulation and compliance with all other terms of the Stipulation.

4. The Settlement set forth in the Stipulation, including the Settlement Amount and the Plan of Allocation, is fair, reasonable, adequate and is hereby approved. The Plan Administrator is directed to administer the Stipulation in accordance with its terms and provisions.

5. The Court determines that Plaintiffs are asserting, among other claims, claims on behalf of the Plan to recover losses alleged to have occurred as a result of a breach of fiduciary duty pursuant to ERISA. Plaintiffs and the Class are the holders of the Plan's claims against the Defendants under ERISA.

6. The Court determines that the Settlement has been vigorously negotiated at arm's-length by Plaintiffs and their counsel on behalf of the Plan and the Class and further finds that, at all times, the Plaintiffs have acted independently and that their interests are identical to the interests of the Plan and the Class. The Court further finds that the Settlement arises from a genuine controversy between the Settling Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

7. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than that of the Plaintiffs, and that the Plan does not have any additional claims above and beyond those asserted by the Plaintiffs that are released as a result of the Settlement.

8. The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party-in-interest, but rather is designed and intended to benefit the Plan and its participants.

9. Accordingly, the Court determines that the negotiation and consummation of the Settlement by the Plaintiffs on behalf of the Plan and the Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b).

10. The Court hereby approves the maintenance of the Action as a class action for Settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) and/or (b)(2) with the class being defined as follows:

> All Persons who were participants in or beneficiaries of the RCN 401(k) Savings and Stock Ownership Plan at any time between January 12, 1999 through December 21, 2004, inclusive, and whose accounts were invested in the RCN Stock Fund. Excluded from the Class are Defendants, the immediate families of Defendants, and the legal representatives, heirs, successors or assigns of any such Defendant.

11. The Court finds for purposes of the Settlement that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(1) and/or (b)(2) have been satisfied for the Action in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named representatives are typical of the claims of the Class they seek to represent; (d) the Plaintiffs will fairly and adequately represent the interests of the Class; and (e) the prosecution of separate actions by individual members of the Class would create the risk of (*i*) inconsistent or varying adjudications by individual members of the Class which would establish incompatible standards for Defendants; and (*ii*) adjudication with respect to individual members of the Class that would as a practical matter be dispositive of the interests of other members of the Class. Moreover, Defendants have acted or refused to act on grounds generally applicable to the Class, and Plaintiffs seek relief that is primarily injunctive or declaratory in

nature, and any monetary relief sought therewith flows directly from liability to the Class as a whole on the claims forming the basis of the injunctive or declaratory relief.

12. The Complaint is hereby dismissed with prejudice on the merits and without costs, except as provided in the Stipulation, as against the Defendants.

13. The Court finds that all parties and their counsel have complied with Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. The Releasors: (*i*) are conclusively deemed to have fully, finally and forever released, relinquished, and discharged all Settled Claims against the Released Parties; (*ii*) are conclusively deemed to have and by operation of this Order and Final Judgment have fully, finally, and forever released, relinquished, and discharged the Released Parties from the Settled Claims; (*iii*) are conclusively deemed to have covenanted not to sue the Released Parties in any action alleging any claim that is a Settled Claim; and (*iv*) are forever enjoined and barred from asserting the Settled Claims against any of the Released Parties in any action or proceeding of any nature.

15. The Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

16. Releasors shall not, after the date of this Order and Final Judgment, seek to establish liability, solicit or assist non-parties to bring claims based upon, related to, or arising

out of the Released Claims (except as necessary to comply with a subpoena or other valid court order), including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated, against any of the Defendants. Any Releasor that breaches the covenant not to sue contained in Paragraph 14 or in this Paragraph 16 shall be liable to the Released Persons for any and all claims, damages, costs (including the cost of investigation, attorneys' fees, and any other costs and expenses) related to the breach of this covenant not to sue.

17. The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all Settled Defendants' Claims. The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

18. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against the Defendants or any other Released Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Defendants;

(b) offered or received against the Defendants or any other Released Party as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant;

(c) offered or received against the Defendants or any other Released Party as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or of the validity of any claims in the Action or of any wrongdoing; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs, any Class Member, or Plaintiffs' Counsel, that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

19. Plaintiffs' Co-Lead Counsel are hereby awarded 30 % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $67,456.65 in reimbursement of expenses. These awards shall be paid to Plaintiffs' Co-Lead Counsel from the

Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

20. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $5,375,000 in cash that is already on deposit, plus interest thereon, and that Class Members will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Plaintiffs' Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(c) the action involves complex factual and legal issues and was actively prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(d) had Plaintiffs' Co-Lead Counsel not achieved the Settlement, there would remain a significant risk that Plaintiffs and the Class may have recovered less or nothing from the Defendants; and

(e) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are consistent with awards in similar cases.

21. Plaintiffs are hereby awarded case contribution awards to be paid from the Settlement Fund in the amount of $2,000.00 for Plaintiff Arnold Prashad, and in the amount

of $1,000.00 for Plaintiffs Stephanie Thomas, Harold Hill, Debra K. Craig, Scott Grassi and Robert M. Maguire.

22. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to the action, including: (a) the administration, construction, effectuation, enforcement and/or implementation of the Stipulation and this Order and Final Judgment; (b) the administration and distribution of the settlement proceeds, including interest earned thereon; and (c) the application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

23. Defendants and other Released Parties, and their respective insurers, shall have no responsibility for the administration or disbursement of the Settlement and shall have no liability to the Plaintiffs, the Class or Co-Lead Counsel in connection with such administration or with the escrow agreement covering the Settlement Fund.

24. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: December 19, 2007
Trenton, New Jersey

Honorable Tonianne J. Bongiovanni
UNITED STATES MAGISTRATE JUDGE